## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13CV22 SNLJ |
| | ) | |
| JUDY CRADER DOLAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff, an inmate at Cape Girardeau County Jail, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $11.97. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $59.83, and an average monthly balance of $32.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $11.97, which is 20 percent of plaintiff's average monthly deposit.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is

undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Id. at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  Id.  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  Id. at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred.  Id. at 1950, 51-52.

**The Complaint**

Plaintiff, an inmate at Cape Girardeau County Jail, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights.  Named as the sole defendant in this action was plaintiff's appointed counsel in his criminal case currently pending in Missouri State Court, Judy Crader Dolan.  Plaintiff complains that his appointed counsel was ineffective in a number of avenues, namely that she failed to interview or call key witnesses, object to evidence presented by the state, investigate the case, make certain arguments or elicit specific testimony.

Plaintiff seeks monetary damages and injunctive relief.

## Discussion

The complaint fails to state a claim upon which relief can be granted against defendant Crader Dolan because "a public defender [or one acting in the role of a public defender] does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."[1]  Polk County v. Dodson, 454 U.S. 312, 325 (1981).  As a result, this action shall be dismissed without prejudice.

Accordingly,

---

[1]Plaintiff may pursue these arguments in his post-conviction proceedings, or perhaps his proceedings for application for writ of habeas corpus, in Missouri State Court during the relevant time periods.

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $11.97 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 11th day of March, 2013.


_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE